IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES DOLIN,     )  | |
|                  )  | |
|   Plaintiff,     )  | |
|                  )  | |
| v.               )  | CIVIL ACT. NO.  3:12CV045-WHA |
|                  )  | (WO) |
| CITI MORTGAGE,   )  | |
|                  )  | |
|   Defendant.     )  | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The *pro se* plaintiff, James Dolin, filed this action on or about September 1, 2011, in the circuit court of Lee County, alleging that Defendant Citi Mortgage wrongfully attempted to foreclose on his home after preventing him from participating in a mortgage assistance program. (Doc. 1-1). Citi Mortgage removed the action to this court on January 17, 2012.

On January 26, 2012, this court entered an order setting the case for a status and scheduling conference at 3:00 p.m. on February 14, 2012. (Doc. 5). In the January 26, 2012 order, the court specifically warned the plaintiff:

> **The plaintiff is specifically advised that if he fails to appear as required by this order, the court will treat his failure to appear as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.**

(Doc. 5 (emphasis in original)).

On February 14, 2012, counsel for Citi Mortgage appeared in court for the status and scheduling conference at 3:00 p.m. in accordance with this court's January 26, 2012 order; the plaintiff did not.

On February 15, 2012, the court entered an order "that the plaintiff shall show cause by February 29, 2012, why this case should not be dismissed for his failure to appear, and his failure to prosecute." (Doc. 6 p.2). In the February 15th, 2012 order, the court specifically warned Dolin:

> The plaintiff is specifically advised that if he fails respond as required by this order, the court will treat his failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.

*Id*.

Dolin failed to file a response to this court's February 15, 2012 order. Consequently, based on Dolin's failure to appear at the February 14, 2012 status and scheduling conference, and his failure to respond to this court's February 15, 2012 order, the court concludes that he has abandoned his claims.

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Dolin's complaint be **DISMISSED** without prejudice. It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before March 15, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in

the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5 Cir. th 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of March, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE